THE MOORESTOWN AND CAMDEN TURNPIKE COMPANY
v. WILLIAM A. HOLMAN ET AL.

Submitted April 6, 1899—Decided June 12, 1899.

On an application to a judge of the Common Pleas, presenting a *prima
facie* case, under the amendment of the act relating to turnpike com-
panies (*Gen. Stat.*, p. 3696), the judge is not required to receive evi-
dence and pass on the question whether the turnpike was out of repair
in the particulars set forth by the complainant.

On *certiorari.*

Before Justices DIXON and LUDLOW.

For the prosecutors, *Samuel K. Robbins* and *David J.
Pancoast.*

For the defendants, *William Earley* and *Howard Carrow.*

The opinion of the court was delivered by

DIXON, J. This *certiorari* brings up an order made by a
judge of the Camden Common Pleas under the amendment,
approved March 23d, 1892, of an act relating to turnpike
companies. *Gen. Stat.*, p. 3696. The sole ground of objec-
tion is that, on the hearing of the parties before making the
order, the judge refused to receive evidence and pass on the
question whether the turnpike was out of repair in the par-
ticulars set out by the complaint.

The established practice in this state is that when, in pro-
ceedings similar to that under review, a *prima facie* case is
presented to the judge, he shall make the order contemplated
by the statute, leaving its illegality, because of matters which
are in dispute, to be tested by *certiorari.* This is the rule laid
down in *Morris and Essex Railroad Co.* v. *Hudson Tunnel
Railroad Co.*, 9 *Vroom* 548, and since uniformly followed.
Thus, in proceedings to condemn land under the General Rail-
road law, the judge is, according to the terms of the act,
authorized to appoint commissioners only in case the company

cannot agree with the owner of the land for its purchase; yet, if the application allege inability to agree, the truth of the allegation is contested, not before the judge but on *certiorari*. *Chambers* v. *Carteret and Sewaren Railroad Co.,* *25 Id.* 85 ; *Jersey City* v. *National Docks Railway Co.,* 26 *Id.* 194.

According to the statute now under consideration, it seems quite clear that the judge is not expected to determine whether the turnpike is in proper condition, for the chief design of the statute is to have that matter decided, on view and examination of the road itself, by the judicious and disinterested freeholders whom the judge is to appoint. No more trustworthy method of ascertaining the truth can be devised than this. Nor does the provision that the judge is to appoint freeholders "after hearing the parties" at all militate against this view. The matters on which they are to be heard are not particularized by the statute, but plainly they should be heard on the sufficiency of the complaint and on the freeholders to be selected, and probably also on an averment, if made by the company, that it has amended the defects complained of, or has discontinued the taking of toll on that part of the road so out of repair, for such an averment would present matters arising after the complaint was formulated, and yet if proved would prevent the appointment of freeholders.

The objection made cannot prevail, and the order is affirmed, with costs.